IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| VITO A. PELINO, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 16-1140 |
| | ) |
| **JUDGE KATHRYN** | ) |
| **HENS-GRECO**, **NANCY** | ) |
| **AQUINO**, **RAMONA TROY**, | ) |
| and **RAETONE MCKENZIE**, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORDANDUM OPINION

CONTI, Chief District Judge

### I. INTRODUCTION

On January 16, 2015, plaintiff Vito A. Pelino ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania, initiated this civil rights action by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against defendants Judge Kathryn Hens-Greco ("Hens-Greco"), of the Family Division of Allegheny County Court of Common Pleas, and defendants Nancy Aquino, Ramona Troy, and Raetone McKenzie, employees of the Allegheny County Office of Children, Youth and Families (collectively, the "CYF Defendants," and together with Hens-Greco, "Defendants").[1] (ECF No. 3). Now pending before the court are the motion to dismiss filed by Hens-Greco, along with a brief in support (ECF Nos. 14-15), and the motion to dismiss filed by the CYF Defendants (ECF Nos. 16-17). Having been fully briefed, the motions are ripe for disposition. For the reasons set forth herein,

---

[1] On October 13, 2016, Plaintiff filed a document entitled "Declarations and Memorandum in Support of Plaintiffs' Claims, Pursuant to 42 U.S.C. ss 1983," in which he elaborates on the factual background of this suit and the nature of his claims. (ECF No. 6). While this document is not formerly an amended complaint, the court will consider the material set forth therein when determining whether it would be futile for Plaintiff to amend this complaint.

1

the court will grant Defendants' motions.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to Plaintiff, his children were removed from the custody of their mother on January 15, 2009, and adjudicated dependent on March 20, 2009. (ECF No. 6 at 6). On January 31, 2011, Hens-Greco changed the children's goal from reunification with their mother to reunification with Plaintiff. (*Id.*) On February 18, 2011, Plaintiff was arrested on charges of homicide, kidnapping, and abuse of a corpse. (*Id.*) Plaintiff alleges that

> Nancy Aquino, Ramona Troy and Raetone McKenzie filed a petition to terminate [his] parental rights raising several claims that the record shows are false. Judge Kathryn Hens-Greco issued a "No Contact" order almost immediately after Petitioner's arrest on 2-18-11 denying petitioner his parental rights before any such petition was granted. On 10-26-11 Judge Hens-Greco terminated this Petitioner's parental rights with no legal grounds during a hearing in which Petitioner was not permitted to be present. However, on 1-31-11, Judge Hens-Greco ruled the goal for the children was "reunification with father". The only reason for the TPR was this Petitioner's arrest.

(*Id.* at 2-3). Plaintiff appealed the termination of his parental rights to the Pennsylvania Superior Court, which denied his appeal on June 29, 2012. (ECF No. 6 at 6). Plaintiff's children were subsequently adopted. (*Id.*)

Plaintiff claims that Defendants violated his First and Fourteenth Amendment rights. More specifically, with regard to Hens-Greco, Plaintiff alleges:

> By deliberately exacerbating Plaintiff's criminal history, Kathryn Hens-Greco committed fraud in open Court and effectively denied Plaintiff due process of law . . . .
>
> By banning all communication between Plaintiff and his children, via [the] no contact Order, Kathryn Hens-Greco denied Plaintiff his right to familial association as guarantee by the First Amendment . . . .
>
> By terminating Plaintiff's parental rights when no legitimate legal grounds existed and, in fact, were fabricated by Kathryn Hens-Greco who, as the fact finder, was well aware of the facts of this case, Plaintiff's First and Fourteenth Amendment rights were blatantly violated.

2

(ECF No. 6 at 12). With respect to the CYF Defendants, Plaintiff alleges:

> By banning all communication between Plaintiff and his children, via no contact Order, the above-named Defendants denied Plaintiff his right to familial association as guarantee by the First Amendment . . . .
>
> By acting under color of law, as government agents under the employe of the Department of Humn [sic] Services and providing blatantly and excessively false testimony to the Court in order to ensure the illegal termination of Plaintiff's parental rights, the above named Defendants violated Plaintiff's right to procedural due process . . . .
>
> Defendants committed fraud when Raetone McKenzie knowingly and intentionally provided false testimony under oath in order to ensure an illegal termination of Plaintiff's parental rights.

(*Id.* at 15). As relief, Plaintiff asks the court to "vacate the termination of parental rights and the adoption[.]" (*Id.* at 3). He further requests that "[c]ustody of [the] children go to [his] mother" and "damages in the amount of $500,000.00."

On December 9, 2016, Hens-Greco filed a motion to dismiss the claims against her. (ECF No. 14). On December 19, 2016, the CYF Defendants filed a motion to dismiss the claims against them. (ECF No. 16). Plaintiff filed responses in opposition to each motion, along with a brief. (ECF Nos. 19-21).

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does

not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969); *Freeman v. Dep't of Corr.*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all factual allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

**IV.** **DISCUSSION**

In moving to dismiss the complaint, Defendants argue, collectively, that the court lacks subject-matter jurisdiction under the "domestic-relations" exception and the *Rooker-Feldman* doctrine. For her part, Hens-Greco argues that the Eleventh Amendment bars the suit against her, insofar as she is named in her official capacity, and the doctrine of judicial immunity bars the suit against her, insofar as she is named in her individual capacity. The CYF Defendants, for their part, argue that Plaintiff's claims against them are time barred and precluded by either quasi-judicial immunity or absolute witness immunity. They also argue that Plaintiff lacks standing because his parental rights have been terminated and the court must afford preclusive effect to the state court's order terminating those rights.

As an initial matter, the court concludes that the domestic-relations exception does not apply because Plaintiff has invoked federal question, not diversity, jurisdiction in seeking relief

under § 1983. *See Flood v. Braaten*, 727 F.2d 303, 308 (3d Cir. 1984) ("[A]s a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or laws of the United States."); *McLaughlin v. Pernsley*, 876 F.2d 308, 312–13 (3d Cir. 1989) (reaffirming the holding in *Flood*). Moreover, the Court must reject the Defendants' contention that Plaintiff lacks standing. Unlike in *Davis v. Thornburgh*, 903 F.2d 212 (3d Cir. 1990), upon which Defendants rely, Plaintiff is making a direct attack on the termination proceedings. Thus, the order terminating his parental rights is not entitled to preclusive effect in this case, and Plaintiff has standing to pursue his claim. *See Faison v. Sex Crimes Unit of Philadelphia*, 845 F. Supp. 1079, 1082 (E.D. Pa. 1994) (distinguishing *Davis* where the plaintiffs "challeng[ed] the specific state court order terminating [their] parental rights").

That does not mean, however, that Plaintiff's complaint can withstand Defendants' motions. The court agrees with Defendants that certain kinds of relief sought under Plaintiff's claims are barred by *Rooker-Feldman* since his complaint, in substance, is a direct challenge to the state court order terminating his parental rights. "[T]he *Rooker–Feldman* doctrine circumscribes federal subject matter jurisdiction by precluding a district court from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Johnson v. Draeger Safety Diagnostics, Inc.*, 594 F. App'x 760, 763–64 (3d Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). As the court of appeals has explained,

> there are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

The first and third requirements are clearly met in this case. Plaintiff lost in state court, and the order had become final before he initiated this action. The court must focus on the second and fourth prongs, which the court of appeals has described as "closely related." *Id.* at 168. Plaintiff argues that he is not seeking relief from the state court judgments, but is complaining about the independent acts of Defendants that led to the order terminating his parental rights. (ECF No. 21 at 4). This argument is not persuasive. The allegations in the complaint and the relief sought make clear that Plaintiff is, at least in part, challenging the order, itself, not just the actions that preceded it. *See Great W. Mining*, 615 F.3d at 166–67 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)) ("'If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.'"). Indeed, he expressly asks this court to "vacate the termination of parental rights and the adoption" and requests that "[c]ustody of [the] children go to [his] mother." *Rooker-Feldman* prohibits the court from granting that relief, as the court of appeals has held on numerous occasions. *See, e.g.*, *Bass v. New Jersey*, 649 F. App'x 255 (3d Cir. 2016); *Khalil v. N.J. Div. of Child Prot. and Permanency*, 594 F. App'x 88, 91 (3d Cir. 2015); *Santos v. Sec'y of D.H.S.*, 532 F. App'x 29, 32 (3d Cir. 2013); *Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 166 (3d Cir. 2011).

Plaintiff's claims, however, are not barred insofar as he requests compensatory damages for harm that is not fairly traceable to the adverse state court order, including any alleged

6

misconduct on the part of the CYF Defendants that predated the issuance of the order and any alleged due process violations during the proceedings, themselves. *See Bass*, 2016 WL 2832703 at *2 (holding that *Rooker-Feldman* did not bar the plaintiff's claims based on the defendants' alleged misconduct "preceding and allegedly resulting in the state-court judgment," including his claim that defendants conspired to deprive him of due process by submitting fraudulent or misleading evidence to the court); *Rodriguez v. Montgomery Cnty. Office of Children & Youth*, No. CV 15-6186, 2016 WL 2897470, at *4 (E.D. Pa. May 17, 2016) (holding that *Rooker-Feldman* did not bar the claim insofar as the plaintiff "complain[ed] of the individual defendants' false and misleading statements and harassing conduct during the dependency investigation and the court proceedings").

Nonetheless, other barriers stand in the way of these claims. Under the Eleventh Amendment, a state and its officials sued in their official capacities are "immune from suit except where Congress has abrogated that immunity through its power to enforce the Fourteenth Amendment or where the state has consented to be sued." *O'Callaghan v. Hon. X*, --- F. App'x ----, 2016 WL 4245434, at *2 (3d Cir. Aug. 11, 2016) (citing *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194–96 (3d Cir. 2008)). Since neither of those exceptions applies here, the claims against Hens-Greco must be dismissed insofar as she is sued in her official capacity. *See id.* So, too, must the individual capacity claims against her since "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

Similar barriers exist with respect to the claims against the CYF Defendants. First, the court agrees that the claims against the CYF Defendants are time barred since this suit was not filed within two years of the alleged misconduct in 2011, as required by Pennsylvania's two-year

statute of limitations for tort claims, which applies here. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). Second, "child welfare workers . . . who prosecute dependency proceedings on behalf of the state are entitled to absolute immunity from suit for all of their actions in preparing for and prosecuting [] dependency proceedings." *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 488–89 (3d Cir. 1997). Since all the alleged misconduct on the part of Defendants took place while they were "preparing for, initiating, and prosecuting dependency proceedings," *id.* at 495, they are absolutely immune from suit. Third, even if the CYF Defendants were not entitled to immunity in their capacity as child welfare workers, the claims against them would still be subject to dismissal, inasmuch as Plaintiff's claims are based on their testimony at the hearing. *See Muhammad v. Dempsey*, 531 F. App'x 216, 219 (3d Cir. 2013) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)) (holding that child welfare worker was entitled to absolute immunity for allegedly perjured testimony at a custody hearing).

## V. CONCLUSION

For the reasons stated above, Defendants' motions will be granted. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, granting leave to amend would be futile. Not only are any claims that Plaintiff may wish to assert against Defendants arising out of the custody proceedings time barred, but the various immunity doctrines discussed above would bar any attempt to hold these Defendants liable. Accordingly, leave to amend will not be granted. The complaint will be dismissed with prejudice. An appropriate Order follows.

<u>Dated</u>: January 23, 2017

/s/ Joy Flowers Conti
Joy Flowers Conti

Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VITO A. PELINO**, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil No. 16-1140 |
| | ) |
| **JUDGE KATHRYN HENS-GRECO**, **NANCY AQUINO**, **RAMONA TROY**, and **RAETONE MCKENZIE**, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

**AND NOW**, this 23rd of January, 2017, it is hereby **ORDERED** that the Motion to Dismiss filed by defendant Judge Kathryn Hens-Greco (ECF No. 14) and the Motion to Dismiss filed by defendants Nancy Aquino, Ramona Troy, and Raetone McKenzie (ECF No. 16) are hereby **GRANTED**. The complaint (ECF No. 3) is **DISMISSED WITH PREJUDICE**. The Clerk shall mark this case closed.

                                                        By the Court:

                                                        /s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Chief United States District Judge